

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2008

# Sambuaga v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4283

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sambuaga v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1589.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1589

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-4283

CHRISTOPPEL EDUARD SAMBUAGA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review from the Board of Immigration Appeals,
BIA No. A96-204-529
Immigration Judge: The Honorable Charles Honeyman

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 14, 2008

Before: SLOVITER, and SMITH, *Circuit Judges*,
DIAMOND, *District Judge*[*]

(Filed: February 15, 2008)

OPINION

SMITH, *Circuit Judge*:

---

[*]The Honorable Gustave Diamond, Senior District Judge for the United States District Court for the Western District of Pennsylvania, sitting by designation.

Petitioner Christoppel Eduard Sambuaga ("Sambuaga"), an Indonesian national, seeks review of an order issued by the Board of Immigration Appeals ("BIA") on August 30, 2006, which adopted and affirmed the decision of the Immigration Judge ("IJ") denying Sambuaga's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Sambuaga was admitted to the United States in July of 1994 as a nonimmigrant student in order to attend the International Theological Seminary, and his wife and three children joined him three months later. After two years, Sambuaga discontinued his studies at the Seminary, but nevertheless remained in the United States. On May 5, 2003, Sambuaga was charged with removability under 8 U.S.C. § 1227(a)(1)(C)(i) for failing to comply with the conditions required while holding nonimmigrant status. On October 22, 2003 he submitted a defensive application for relief in the form of asylum, withholding of removal, and protection under the CAT on the basis of his Christian religion. In his application, Sambuaga asserted that he feared future persecution from Muslims in Indonesia because of his religious practices.

On April 18, 2005, following a hearing on the merits of Sambuaga's asylum application, the IJ issued a thorough and well-reasoned opinion denying Sambuaga's applications for asylum, withholding, and protection under CAT. The IJ found Sambuaga

---

[1] The IJ had jurisdiction pursuant to 8 C.F.R. § 208.2(b). The BIA had appellate jurisdiction pursuant to 8 C.F.R. § 3.1(b). This Court has jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252(b).

2

credible, but because the Petitioner filed his asylum application well-after the asylum filing deadline of one year,[2] the IJ determined that Sambuaga's application was pretermitted. The IJ determined that Sambuaga was not eligible for withholding of removal because he had failed to prove, other than through his testimony, that he would endure persecution because of his faith. Furthermore, the IJ found that Sambuaga had failed to demonstrate that he warranted protection under the CAT because he provided no evidence that he would be detained or tortured by the Indonesian government or with the agreement or encouragement of the Indonesian government. On August 30, 2006 the BIA dismissed Sambuaga's appeal and this timely petition for review followed.

As a preliminary matter, we lack jurisdiction to review the denial of Sambuaga's asylum application. Having been filed beyond the one-year deadline, it was untimely. *See Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006).

An application for withholding of removal precludes the removal of an alien "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's . . . religion." 8 U.S.C. § 1231(b)(3)(A). To obtain relief under this provision, an alien must establish by a "clear probability" that his life or freedom would be threatened in the proposed country of deportation. *I.N.S. v. Stevic*, 467 U.S. 407, 413 (1984). This "requires that an application [for withholding of deportation]

---

[2] An alien may apply for asylum if he or she "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B).

be supported by evidence establishing that it is more likely than not that the alien would be subject to persecution on one of the specified grounds." *Id.* at 429. In *Fatin v. I.N.S.*, 12 F.3d 1233 (3d Cir. 1993), we acknowledged that the BIA had interpreted the term "persecution" "to include threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Id.* at 1240 (citing *Matter of Acosta*, 19 I. & N. Dec. 211, 229 (BIA 1985)). We also noted that the "BIA suggested that '[g]enerally harsh conditions shared by many other persons' do not amount to persecution." *Id.* We determined that the BIA's "concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional" and found the BIA's interpretation was permissible. *Id.* Whether Sambuaga has demonstrated a well-founded fear of future persecution on account of his religion "is a factual determination reviewed under the substantial evidence standard." *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).

The IJ issued a lengthy and thorough opinion where his findings that Sambuaga had not demonstrated a reasonable fear of future persecution were supported by substantial evidence. We decline to find Sambuaga eligible for withholding or protection under the CAT in light of our holding in *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (finding that there is insufficient evidence to establish that there is "an individualized risk of persecution . . .[of] Chinese Christians in Indonesia.").

For the reasons stated above, we will deny Sambuaga's petition for review.